IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **HOLLY MACINTIRE,** | ) |
| Plaintiff, | ) CASE NO. 3:19-CV-925 |
| v. | ) JURY TRIAL REQUESTED |
| **FIRST TRANSIT, INC.,** | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Holly Macintire, by and through the undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Macintire files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e), et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Macintire filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on May 21, 2018. Plaintiff received a right-to-sue on September 3, 2019, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3. Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Lee County, Alabama.

## II. PARTIES

4. The named Plaintiff, Holly Macintire (hereinafter "Plaintiff" or "Ms. Macintire"), is a citizen of the United States and a resident of Auburn, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, First Transit, Inc. (hereinafter "Defendant" or "First Transit"), is a business that provides transportation services for Auburn University and the surrounding area. At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III. STATEMENT OF FACTS

### A. Ms. Macintire's Race Discrimination Claim

6. Ms. Macintire is a Caucasian female.

7. On or about May 8 2017, Ms. Macintire began working at First Transit as an Operations Supervisor, where she was responsible for overseeing daily bus movement and communications to managers.

8. During her employment, Ms. Macintire went above and beyond as an employee of First Transit. Ms. Macintire was very conscientious regarding company policies, and often stayed late to complete additional work to benefit the company

9. A majority of First Transit's Auburn, Alabama employees are African-Americans. For the majority of Ms. Macintire's employment at First Transit, she was the only Caucasian supervisor employed at the Auburn office.

10. During Ms. Macintire's employment with First Transit, African-American employees received favorable and preferential treatment by First Transit management over Caucasian employees, such as Ms. Macintire.

11. During Ms. Macintire's employment, there were several incidents where multiple African-American drivers had accidents in transit buses, yet were barely disciplined for their actions, with most receiving nothing more than a two (2) day suspension. These employees include Boss Oliver, Chaquanda Fuller, Tomeika Cameron, Billy Kirk, JoAnne Yancey, Emma Echols, Tony Hodge, Mia Holloway, Tawana Hugley, Keosha Rhodes, and Roger Spivey, all of whom are African-Americans. Some of those drivers failed to report the accidents, and one driver was only disciplined during "down time" in which she had no loss of work.

12. In addition, transit driver Theresa Voss, an African-American, was discovered to have her cellphone turned on and plugged into a charger while driving a transit bus. In addition, Ms. Voss was caught speeding in her bus and accused of stealing company time. Ms. Voss was often late and many times a "no call no show." Nonetheless, despite continual violations of First Transit policy, Ms. Voss was promoted to supervisor by First Transit management in January 2018.

13. On May 4, 2018, Ms. Macintire received an "Employee Counseling Form" recommending her termination with First Transit immediately. First Transit claimed Ms. Mcintire "did willfully show an intercompany email to a third party outside of First Transit" when she shared accident protocol with an Auburn University employee, during the course of an accident investigation she was conducting.

3

14. Section 9.10 of First Transit's Employee Handbook allows employees to disclose information to third parties for the purpose of performing job duties required in the fulfillment of job responsibilities. Therefore, Ms. Macintire's disclosure of accident protocol to an Auburn University employee during the course of an accident investigation was not improper at all.

15. Accordingly, First Transit subjected Ms. Macintire to disparate treatment on the basis of her Caucasian race, when it terminated her for sharing accident protocol during an investigation, whereas it has repeatedly given African-American employees favorable treatment in terms of discipline for much more serious and severe incidents. First Transit's proffered reason for her termination is pretextual.

16. Based on the foregoing, Ms. Macintire has been subjected to race discrimination and retaliation in violation of Title VII (42 U.S.C. § 2000(e), *et seq.*).

17. Further, from June 2017 through April 2018, Ms. Macintire formally submitted complaints to her General Manager and Regional District Manager regarding race-based harassment and a hostile work environment.

18. However, First Transit took no action to remedy the hostile work environment despite Ms. Macintire's complaints. Accordingly, Ms. Macintire avers that her termination was also in retaliation for reporting race-based hostile work environment claims.

19. Accordingly, Ms. Macintire avers that she was subjected to unlawful retaliation when First Transit terminated her after she made multiple complaints regarding race-based harassment and a hostile work environment.

20. As a result of First Transit's unlawful actions, Ms. Macintire has lost valuable income, suffered severe mental and emotional distress, and incurred the cost of an attorney to pursue this matter.

## IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE - RACE DISCRIMINATION

21. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

22. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 16 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

23. Plaintiff avers that she has pursued and exhausted her administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b)  An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c)  An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)  An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e)  An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f)  Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - RETALIATON

24.  Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the unlawful retaliation against her, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000e, et seq.), as amended by the 1991 Civil Rights Act.

25.  As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 20 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

26. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff;

b) An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c) An award of punitive damages, due to the egregious nature of Defendant's wrongdoing.

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT THREE - RACE-BASED COLD AND HOSTILE WORKING ENVIRONMENT

27. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 - 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of a race-based cold and hostile working environment in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000(e), et seq.), as amended by the 1991 Civil Rights Act.

28. As specifics for the race-based cold and hostile work environment that Plaintiff suffered, Plaintiff cites the facts set forth particularly in the statement of facts above, paragraphs 1 through 20 above.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A judgment declaring that the Plaintiff was subjected to an egregious race-based hostile work environment;

b) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

c) An award of punitive damages due to the egregiousness of Defendant's wrongdoing;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

### V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 22nd day of November, 2019.

Holly Macintire, Plaintiff

Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

_/s/ Chase Estes_

Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

9